## WHEELER *vs.* ROBINSON.

This being the first grant of a new trial, the court is not disposed to scrutinize the case closely to find error in the judgment granting it.

May 4, 1888.

New trial. Before Judge HUTCHINS. Gwinnett superior court. September term, 1887.

Fannie M. Robinson sued R. M. Wheeler in an action of trespass. The defendant pleaded not guilty, and that he was acting in the discharge of his duty as sheriff in executing a writ of the superior court when he did the acts for which he was sued.

On the trial, the plaintiff introduced a deed to the land in question, dated March 12, 1874, from Joseph Robinson to her, in consideration of $1,500 paid by her. She showed that Joseph Robinson was the father of her husband, Joseph E. Robinson; that she bought the property and paid for it with her own money; that on September 29, 1880, she was in the quiet and legal possession of the land, when defendant came and told her he had come to dispossess her husband and his family and to put Messrs. Veal and Scruggs in possession, and showed and read to her a writ of possession which he had with him; that her husband told defendant that the place was hers, and she told him it was hers and bought and paid for with money she received from her father's estate, and asked him to give her a few days in which to see a lawyer. She told him also that she had a deed, and showed it. He said it was his duty to move her and he would have to do it. She told him she would have to be moved by force. He then consulted with two others who came with him; and she was finally told that they did not wish to do her

bodily harm, and that they would take her gently by the arm and move her from the premises; and they did so. She did not consent to be moved, but no injury was done to her person. The defendant also moved her children and her furniture out of the house into a grove near by. She remained there with her effects for about three days and then moved back into the house, and has been there ever since. She first moved on the premises in January, 1873, and had been in the uninterrupted possession of them, claiming them as her own, up to the time of dispossession. She had made a contract for the purchase of the premises with the president of the board of trustees of the Orphans' Home some time in December, 1872, and in March, 1874, had taken the deed from her father-in-law.

The testimony for the defendant did not vary materially from that for the plaintiff, except that additional evidence was introduced as to the process under which he justified, which consisted of the following documents: A *fi. fa.* from the county court of Newton county in favor of Burge *vs.* Joseph Robinson, with many entries, among others an entry of levy on the property in question on August 27, 1876, and an entry of sale of the property to B. F. Veal and J. W. Scruggs on December 5, 1876; a deed from the sheriff of Gwinnett county, by whom the *fi. fa.* was levied, to Veal and Scruggs, conveying the property as sold to them; an application to the superior court of that county for a writ of possession as against J. E. Robinson, who was alleged to be in possession, with an order granting it; and the writ itself.

The jury found for the defendant. The plaintiff moved for a new trial on the following grounds:

(1)–(3) Because the verdict was contrary to law and evidence.

(4)    Because the court erred in admitting in evidence the writ of possession.

(5)    Because the court admitted the sheriff's deed.

(6)    Because the court admitted the *fi. fa.* and entries thereon.—The ground of objection to the admission of these papers is not stated.

(7)    Because the court erred in charging the jury that, if they were satisfied that the plaintiff went into possession claiming title under Joseph Robinson, and that at that time there was an unsatisfied judgment subsisting against him, and subsequently the *fi. fa.* based on that judgment was levied on the premises, and they were sold by the sheriff as the property of Robinson, and the writ of possession was subsequently issued from this court to put the purchasers in possession, and that the defendant was acting as sheriff in the execution of said writ, he was justified in removing the plaintiff; and they would find for the defendant.

(8)    Because the court refused to charge that if the plaintiff went into possession of the premises in January, 1873, with a written contract for purchase made with the trustees of the Orphans' Home, and paid for the premises with her own money according to said contract, and remained in possession claiming the same from January, 1873, until September 29, 1880, this would give her a good title by prescription; and the sheriff was not justified in removing her as an assignee of Joseph Robinson under said judgment since the date of said judgment.

(9)    Because the court refused to charge that, as to her separate estate, whether living separate or apart from her husband, a married woman is, in legal effect, a *feme sole* with all the rights and privileges of a *feme sole.*

(10)    Because the court refused to charge that the court would take judicial cognizance of the fact that the

v 81-20

sheriff's deed was not good as a muniment of title and would not support an action of ejectment, and consequently the writ was not such a process as would justify the sheriff in the action laid in the declaration.

The court approved the grounds of the motion, with the following explanation : The court covered the points indicated by the grounds 7 and 8 in the general charge, and the language used in those grounds is substantially correct ; the substance of what is contained in ground 9 was charged, and there was no written request to charge what is contained in it.

A new trial was granted on the ground that, under the facts, the officer exceeded his authority in dispossessing the plaintiff under the writ of possession against J. E. Robinson. To this ruling the sheriff excepted.

S. J. WINN & SON, for plaintiff in error.

GEORGE S. THOMAS, *contra.*

BLANDFORD, Justice.

The court in this case granted a new trial, for what reason is not clear to us from the record; but he having tried the case and being satisfied that there ought to be a new trial, we are not disposed to scrutinize the case closely to find error in his judgment; and we affirm the judgment granting the new trial

Judgment affirmed.